Submitted on briefs April 22, affirmed June 17, 1924.

## FRANCIS STANTON JONES v. MARTIN ALEXANDER JONES.

(226 Pac. 901.)

Judgment — Judgments Denying Annulment of Marriage and Refusing to Set Aside Conveyances Held Res Adjudicata in Divorce Action.

1. Judgments in husband's actions for annulment of marriage and to have conveyances of realty set aside adverse to him *held res adjudicata* of such issues in subsequent action by wife for divorce.

Divorce—Wife Held not Entitled to Costs on Appeal Though Judgment in Her Favor Affirmed.

2. Wife who had profited materially by the marriage involved by reason of conveyances from husband, *held* not entitled to costs on appeal by husband from decree in divorce action notwithstanding judgment of lower court was affirmed.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

This is a suit for divorce brought by the plaintiff against the defendant on the ground of desertion.

It is alleged that the parties were married on the 30th of April, 1919, and that on November 25, 1921, the defendant willfully deserted the plaintiff and has ever since refused to live with her. There are also certain allegations in regard to defendant's ability to pay alimony, which are immaterial here. Defendant answered, denying the marriage and denying any willful desertion of the plaintiff. On the nineteenth day of June, 1923, the case came on for hearing, and the court found the fact of the desertion in favor of plaintiff and rendered a decree in accordance therewith; from which decree defendant has appealed.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Davis & Farrell.*

For respondent there was a brief over the names of *Mr. John F. Logan* and *Mr. I. N. Smith.*

McBRIDE C. J.—The parties to this case seem to have had considerable litigation, and their married life seems to have been a stormy one, in the course of which the defendant separated from the plaintiff. After remaining away for several months a reconciliation was effected, as a result of which the defendant manifested his reborn affection by conveying to plaintiff several parcels of property more or less encumbered by mortgages. After something over a year of marital sunshine, interrupted now and then by cyclones of disputation over various family mat-

ters, the defendant left the home and has never returned nor shown any disposition to return.

The testimony as to the cause of his leaving is somewhat conflicting, but the learned circuit judge who heard this case had an advantage which we have not, of having the parties before him, and was better able to appraise the value of their testimony than we are from a recital of their bickerings in cold type; but, even upon the testimony here, we are of the opinion that the abandonment of plaintiff by defendant was without any sufficient cause.

1. Shortly after the last separation the defendant brought two suits against plaintiff, one to have his marriage with plaintiff annulled, and the other to have his conveyances of the real property heretofore mentioned set aside; in both of which suits he was defeated in the Circuit Court. He instituted an appeal to this court but failed to perfect the same, and the cases were dismissed and the decree of the Circuit Court affirmed, so that it is *res adjudicata* that he had no ground for the annulment of the marriage, and that his conveyances to the plaintiff were and are valid.

2. The decree of the lower court will be affirmed; but, the plaintiff having probably been sufficiently compensated by the conveyances made to her by the defendant, and being, on the whole, considerably the gainer by this matrimonial experience, which was not her first, while affirming the decree of the court below, we will follow its example in directing that neither party shall recover any costs in this court.

AFFIRMED.